1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

7
8

9    SAMUEL K. PORTER,                         CASE NO. 1:09-cv-01244-AWI-GSA PC

10                        Plaintiff,            ORDER DENYING MOTION FOR
                                                PRELIMINARY INJUNCTIVE RELIEF
11          v.
                                                (Docs. 7, 10, and 16)
12    CAPTAIN JENNINGS, et al.,

13                        Defendants.
      _____/
14

15          Plaintiff Samuel K. Porter, a state prisoner proceeding pro se and in forma pauperis, filed this

16   civil rights action pursuant to 42 U.S.C. § 1983 on July 17, 2009.  On July 28, 2009, Plaintiff, who

17   is currently housed at California State Prison-Calipatria, filed a motion seeking a preliminary

18   injunction mandating a federal investigation and/or his transfer to a federal prison.  Plaintiff

19   subsequently supplemented his motion with two duplicative declarations, filed September 3, 2009,

20   and September 14, 2009.

21          "A preliminary injunction is an extraordinary remedy never awarded as of right."  Winter v.

22   Natural Resources Defense Council, Inc., 129 S.Ct. 365, 376 (2008) (citation omitted).  "A plaintiff

23   seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is

24   likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips

25   in his favor, and that an injunction is in the public interest."  Id. at 374 (citations omitted).  An

26   injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief.  Id. at 376

27   (citation omitted) (emphasis added).

28   ///

1

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy.  City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006).  If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question.  Id.  Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A), which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

On August 4, 2009, the United States Magistrate Judge found that Plaintiff's original complaint stated a cognizable Eighth Amendment claim against Defendant Jennings for observing Plaintiff's rape by his cellmate at California State Prison-Corcoran and failing to intervene, but did not state any other claims against Jennings or Defendant Darlene.  Further, the United States Magistrate Judge found that Plaintiff's claims against Defendants Ollison, Hernandez, and Howard, which arose from events at Ironwood State Prison and California State Prison-Calipatria, had to be raised in a separate action in the Southern District of California, where venue for those unrelated claims is proper.

Plaintiff was ordered to either file an amended complaint or notify the Court of his willingness to proceed only against Defendant Jennings.  Plaintiff filed an amended complaint on August 24, 2009, which was stricken from the record, with leave to amend, because it was not complete within itself without reference to the original complaint.  To date, Plaintiff has not complied with the order to file an amended complaint.[1]

---

[1] Plaintiff filed a notice of appeal on September 14, 2009, appealing the screening order of August 4, 2009. Although the filing of a notice of appeal generally divests a district court of jurisdiction to determine the "substantial rights" at issue in an action during the pendency of the appeal, Pyrodyne Corp. v. Pyrotronics Corp., 847 F. 2d 1398, 1403 (9th Cir. 1988), an exception to this rule exists where a deficiency in the notice of appeal "is clear to the district court," Ruby v. Secretary of the United States Navy, 365 F. 2d 385, 389 (9th Cir. 1966).  In such a case the district court may proceed with the case "knowing that it has not been deprived of jurisdiction."  Ruby, 365 F.2d at 389. Because no appeal lies from the screening order, the Court has not been deprived of jurisdiction over this action, and shall rule on Plaintiff's pending motion in spite of the filing of September 14, 2009, notice of appeal.

Plaintiff cannot make the requisite showing for a preliminary injunction because the relief he seeks in his motion will not remedy the only cognizable legal claim thus far identified in this action, thereby satisfying the case or controversy and statutory requirements.  Because the Court has no jurisdiction to issue either order sought by Plaintiff, his motion is HEREBY DENIED.

IT IS SO ORDERED.

**Dated:    October 16, 2009           /s/ Anthony W. Ishii**
CHIEF UNITED STATES DISTRICT JUDGE