1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

### EASTERN DISTRICT OF CALIFORNIA

10
11

SAMUEL K. PORTER,                          1:09-cv-01244-AWI-GSA-PC

12
                                           ORDER GRANTING MOTION TO DISMISS
                  Plaintiff,               PURSUANT TO RULE 41
13                                         (Doc. 30.)

14         v.                              ORDER DISMISSING ACTION IN ITS
                                           ENTIRETY WITHOUT PREJUDICE
CAPTAIN JENNINGS, et al.,
15
                                           ORDER DIRECTING CLERK TO CLOSE FILE
16                Defendants.

17  _____/

18         Plaintiff Samuel K. Porter ("plaintiff") is a state prisoner proceeding pro se and in forma

19  pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff filed the

20  complaint on July 17, 2009.  (Doc. 1.)  The case now proceeds on Plaintiff's amended complaint

21  filed November 23, 2009.  (Doc. 28.)  On February 12, 2010, the court dismissed the amended

22  complaint for failure to comply with Rule 8(a), with leave to amend.  (Doc. 29.)  On March 12,

23  2010, plaintiff filed a motion to dismiss the complaint, without prejudice to re-filing the

24  complaint after exhausting administrative remedies.  (Doc. 30.)

25         In Wilson v. City of San Jose, the Ninth Circuit explained:

26         Under Rule 41(a)(1), a plaintiff has an absolute right to voluntarily dismiss
           his action prior to service by the defendant of an answer or a motion for summary
27         judgment.  Concha v. London, 62 F.3d 1493, 1506 (9th Cir. 1995) (citing
           Hamilton v. Shearson-Lehman American Express, 813 F.2d 1532, 1534 (9th Cir.
28         1987)).  A plaintiff may dismiss his action so long as the plaintiff files a notice of

1

1    dismissal prior to the defendant's service of an answer or motion for summary
judgment. The dismissal is effective on filing and no court order is required.  Id.
The plaintiff may dismiss some or all of the defendants, or some or all of his
claims, through a Rule 41(a)(1) notice.  Id.; Pedrina v. Chun, 987 F.2d 608, 609-
10 (9th Cir. 1993).  The filing of a notice of voluntary dismissal with the court
automatically terminates the action as to the defendants who are the subjects of
the notice.  Concha, 62 F.2d at 1506.  Unless otherwise stated, the dismissal is
ordinarily without prejudice to the plaintiff's right to commence another action for
the same cause against the same defendants.  Id. (citing McKenzie v. Davenport-
Harris Funeral Home, 834 F.2d 930, 934-35 (9th Cir. 1987)).  Such a dismissal
leaves the parties as though no action had been brought. Id.

Wilson v. City of San Jose, 111 F.3d 688, 692 (9th Cir. 1997).  No defendant has filed an answer

or motion for summary judgment in this action.  Therefore, plaintiff's motion shall be granted.

Accordingly, IT IS HEREBY ORDERED that:

1.      Plaintiff's motion to dismiss the complaint is GRANTED;

2.      This action is DISMISSED in its entirety without prejudice; and

3.      The Clerk of the Court is DIRECTED to close the file in this case and adjust the

docket to reflect voluntary dismissal of this action pursuant to Rule 41(a).

IT IS SO ORDERED.

**Dated:   April 26, 2010**          **/s/ Anthony W. Ishii**
                                  CHIEF UNITED STATES DISTRICT JUDGE